IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE, <br><br> Plaintiff, <br><br> vs. <br><br> PIP V. SAUKAM and THE MONTANA DEPARTMENT OF CORRECTIONS PROBATION AND PAROLE DIVISION, <br><br> Defendants. | CV 15-00158-M-DLC-JCL <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## **I.** **Introduction**

Plaintiff Tyrone Payne, proceeding pro se, advances claims under 42 U.S.C. § 1983 against the Montana Department of Probation and Parole and his probation officer, Pip Saukam. He alleges Saukum and the Department violated the substantive due process rights afforded him by the Fourteenth Amendment to the United States Constitution. Because the Complaint fails to state a federal claim upon which relief may be granted, it should be dismissed.

## **II.** **Background**

On September 16, 2014, Payne appeared before the Fourth Judicial District Court in Missoula County and Judge Deschamps sentenced him to three years supervised probation based upon Payne's Alford plea to failure to register as a

1

sexual offender.  On September 16, 2014, Payne signed conditions of probation and was assigned State Probation and Parole Office Pip Saukam.

At 11:00 p.m. on September 9, 2015, Payne's car was parked near the exit of a driveway to a dental clinic in Frenchtown, Montana, when Deputy Schmill stopped his police cruiser near Payne's vehicle.  When Payne saw Deputy Schmill exiting his partrol car, he drove away.  Schmill activated his emergency lights and followed Payne.  When Payne stopped his vehicle in the parking lot of a bar he "made contact" with the bumper of a parked vehicle.

After engaging Payne and determining that he was on probation, Schmill contacted Payne's probation officer, who instructed Schmill to hold Payne.  Schmill also searched Payne's vehicle and seized items which formed the basis of several misdemeanor citations.  But it is unclear whether he was arrested for the alleged misdemeanor citations or pursuant to the authority of his probation officer.  Payne contends he was arrested without probable cause.  According to a disclosure statement filed by Missoula County Sheriff T.J. McDermott in another of Payne's lawsuits, Payne was held in the Missoula County Detention Facility on a $25,000.00 bond.  *Payne v. McDermott*, Civil Action No. 15-cv-151-M-JCL, Doc. 26 at 1, 2.  According to Payne, all charges emanating from the September 9, 2015 arrest were ultimately dismissed.

Saukam filed a report of a probation violation on September 18, 2015. Payne complains about four aspects of this report of violation. First, Saukam stated the report of violation that Payne did not obtain prior written approval before changing his place of residence. Payne alleges Saukam omitted from his report that on August 23, 2015 (a Sunday) a Missoula County Deputy Sheriff served Payne with a temporary order of protection to stay 1,500 feet away from his then residence pending a September 3, 2015 hearing. (Complaint, Doc. 2 at 9.) Therefore, Payne contends it would have been impossible for him to obtain prior written approval before changing residences. Payne also alleges that the report of violation omitted the fact that Payne had mailed Saukam a letter on August 23, 2015 informing Saukam of the police-contact and the urgent residential move. The report did indicate that Payne properly re-registered on August 26, 2015. Payne complains that Saukam used the report that Payne had failed to notify him of the change of address as part of his recommendation that Payne's suspended sentence be revoked. This alleged violation was relied upon by a Missoula County Attorney in a petition to revoke.

Second, Payne alleges that Saukam falsely stated in the report of violation that Payne had not obtained gainful long-term employment since he began serving his sentence on September 16, 2014. Payne contends that he worked more than 20

3

hours a week between April 3, 2015 and August 18, 2015 as a live-in care giver in exchange for rent and $21.00 a month. This alleged violation was made part of Saukam's recommendation to revoke Payne's suspended sentence and was relied upon by a Missoula County Attorney in a petition to revoke. (Complaint, Doc. 2 at 11-15.)

Third, Payne alleges that Saukam made a false statement when he reported that, "On August 25, 2015, Ms. Paddlety stopped by [Saukam's] office and reported that Defendant [Payne] slapped her across the face on or about August 18th and she had filed a temporary order of protection against him. 'She did not report this to police.'" (Complaint, Doc. 2 at 16.) Payne contends that Ms. Paddlety did report the alleged slap to the Missoula County Sheriff's Department on August 19, 2015 and the Sheriff's Department found no probable cause. He also contends that Ms. Paddlety stated in her petition for a temporary order of protection that she had made a report to the police. When confronted, Saukam told Payne that, "Ms. Paddlety told me, she did not report her allegation of you slapping her, to police." Payne alleges Saukam used this alleged "non-police report" to recommend that Payne's suspension of sentence be revoked and that he be required to complete anger management. (Complaint, Doc. 2 at 16-18.)

Fourth, Payne alleges that Saukam falsified a "substance abuse admission

4

form" which Payne had signed. Payne contends that he admitted to using illegal substances in the past (in general) but he left blank the section of the form which asked for the name of the substance and dates used. He contends that Saukam altered the signed form and wrote in "methamphetamine," "marijuana" and checked the boxes which purported to be Payne's admission that his use was recent. Saukam then used this form as a basis to recommend that Payne's sentence be suspended and to add a condition that he complete a chemical dependency evaluation. Payne alleges that this alleged violation was relied upon by a Missoula County Attorney in a petition to revoke. (Complaint, Doc. 2 at 18-20.)

Payne alleges he was illegally incarcerated from September 9, 2015 until September 18, 2015. (Complaint, Doc. 2 at 24.)

Payne filed a Notice of Disposition of Related cases indicating that the charges which triggered Saukam's custodial hold of Payne on September 9, 2015 were dismissed in the interest of justice on February 5, 2016. (Doc. 7.)

### III.  Analysis

As Payne is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous,"

"fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Montana Department of Corrections Probation and Parole

The Montana Department of Corrections is a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The United States Supreme Court has interpreted the

6

Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Payne, however, is not seeking prospective relief from the Department of Corrections. The Department of Corrections should be dismissed.

### B. Probation Officer Saukam

Payne seeks to have this Court examine Saukam's report of violation in a vacuum. He provides no information regarding why he was arrested on September 9, 2015 or what other information was provided in the report of violation. He admits that his probation was revoked, presumably after a hearing, but contends it was not revoked based on the issues raised in his Complaint. (Doc. 7.) The problem with Payne's arguments is two-fold. First, he does not establish a violation of his substantive due process rights and because his probation was ultimately revoked for other reasons he cannot establish that he suffered an injury.

Payne alleges that Saukam violated his substantive due process rights under

the Fourteenth Amendment to the United States Constitution by making the recommendation to revoke his suspended sentence. The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. This clause guarantees both procedural and substantive due process, protecting individuals against the deprivation of a liberty or property interest by the government. "A substantive due process inquiry focuses on 'what' the government has done," while a procedural due process analysis focuses upon "'how and when' the government did it." *Amsden v. Moran*, 904 F.2d 748, 753-54 (1st Cir. 1990).

"Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1110 (9th Cir. 2010) (*quoting Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)). The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc)).

To state such a claim, Payne must point to evidence that supports at least one of the following two propositions: "(1) Defendants continued their

investigation of [Plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076 (citation omitted). "The *Devereaux* test envisions an investigator whose unlawful motivation is illustrated by her state of mind regarding the alleged perpetrator's innocence, or one who surreptitiously fabricates evidence by using coercive investigative methods." *Costanich*, 627 F.3d at 1111. "These are circumstantial methods of proving deliberate falsification." *Id.*

*Devereaux*, however, imposes a "stringent test" requiring a showing of more than mere carelessness in handling the investigation. *Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003). To establish a substantive due process violation, "a plaintiff must show both a deprivation of liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991 (footnote omitted). In the context of a § 1983 suit against officers for a due process violation, official conduct "shocks the conscience" when the officer "either consciously or through complete indifference disregards the risk of an unjustified deprivation of liberty." *Tatum v. Moody*, 768 F.3d 806, 820-21 (9th Cir. 2014) (*quoting Gantt v. City of L.A.*, 717 F.3d 702, 707 (9th Cir. 2013)). Thus, where evidence of conscious

disregard is unavailable, a plaintiff may establish that the defendant acted with "deliberate indifference to or reckless disregard for an accused's rights[,]" which is "consistent with the 'shocks the conscience' substantive due process standard." *Gantt*, 717 F.3d at 708; *Tennison v. City & Cty. of S.F.*, 570 F.3d 1078, 1089 (9th Cir. 2009) ("[W]here state officials have the opportunity to deliberate various alternatives prior to selecting a course of conduct, such action violates due process if it is done recklessly." (quotation omitted)).

Payne attempts to state a substantive due process claim on the fact that Saukam recommended that a judge revoke his probation and/or modify his conditions of probation. The problem with Payne's allegations is there is no allegation that he was innocent of all the alleged probation violations. He simply picks and chooses the portions of Saukam's report of violation to which he objects. For example, he contends that Saukam falsified his report by saying that Payne's girlfriend did not report the slap to the police but that does not dispute the fact that Payne's girlfriend reported to Saukam that Payne slapped her and Payne does not deny the slap (although he states the Sheriff's Department determined there was no probable cause).

Payne also takes issue with the fact that Saukam put in his report of violation that Payne did not obtain prior written approval before he moved on

August 23, 2015 because Payne contends it would have been impossible for him to do so since he was forced out of him home because of a temporary order of protection. Yet, Payne did change residences without prior written approval and Saukam conceded in the report that Payne properly re-registered on August 26, 2015.

There is nothing in Payne's Complaint that suggests that he was innocent of all portions of Saukam's report of violation. *See, e.g., Hernandez v. Kennedy*, 595 Fed.Appx. 673, 675 (9th Cir. 2014) ("The defect in [the plaintiff]'s 'shock the conscience [ +]' . . . substantive due process claim is that [his] evidence did not establish that Officer Kennedy knew or should have known that he was innocent." (citations omitted)). Even if Saukam was incorrect on certain issues in the report of violation, there is nothing to suggest that Payne was innocent of violating his probation. His claims of innocence alone are insufficient. *See Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (rejecting that "a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, . . . [or] to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury."); *see also Rivera v. Cty. of L.A.*, 745 F.3d 384, 391-92 (9th Cir. 2014) (detention of a suspect in the face of claims of innocence does not

amount to a due process violation unless the suspect is held for a long enough period of time without adequate procedures). More importantly, however, is the fact that Payne's probation was ultimately revoked and even if it wasn't revoked on the issues raised in Payne's Complaint, there was obviously probable cause for the probation hold.

Payne's Complaint is insufficient to suggest that Officer Saukam consciously disregarded a risk to Payne's rights. The Complaint fails to state a claim for a substantive due process violation.

## IV. CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Payne has failed to state a claim upon which relief may be granted. These are defects which could not be cured by amendment. This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Payne has failed to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaint filed in this case are frivolous as they lack

arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Payne failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Payne may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 28th day of April, 2016.

                                   */s/ Jeremiah C. Lynch*
                                   Jeremiah C. Lynch
                                   United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.